IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GUSTAVO FERNANDO GARCIA | ) | CASE NO. 4:09CV1928 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| CORRECTIONAL CORPORATIONS OF | ) | MEMORANDUM OF OPINION |
| AMERICA, *et al.* | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Gustavo Fernando Garcia, filed this action alleging a violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**Facts**

The plaintiff, a prisoner incarcerated in the defendant Correctional Corporations of America located in Youngstown, Ohio, alleges the following: In October 2008, he had an appointment with defendant Daniel Hall, a member of the prison medical staff, to resolve issues concerning the restrictions on his activities because of a shoulder injury. He was told the restrictions were due to his past shoulder surgery and to prevent further damage. However, he never had shoulder surgery. During the discussion, Hall told him to "take off my pants because he is going to practice me A DIGITAL RECTAL EXAMINATION OF MY PROSTATE." Plaintiff states that he did not request such examination. Furthermore, the same conduct occurred 8 and [sic] 10 months (once) before. He complained to defendant Dana Orenic, Health Services Administrator, who told him that the prostrate exam was requested by defendant Nilsa Diaz, a member of the kitchen staff, in order for

him to be accepted as a food service worker. Orenic allegedly tried to cover up the sexual abuse committed by Hall. When plaintiff asked Diaz if she requested the prostrate exam, she said she never made such order and had no knowledge of it. Plaintiff asserts that he was sexually abused in violation of his civil rights.

## Analysis

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). "Pro se plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006*)*(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996)). For the following reasons, the Court finds the claim asserted in this action satisfies these criterion in part.

The complaint alleges participation by all defendants except Correctional Corporations of America. In addition to Hall and Orenic, he alleges the following acts by the other defendants: Terry Groh, handled the investigation of sexual misconduct; Mr. Barr was responsible for the cover up; Nelson Aponte was responsible for handling the investigation; R. Rushing, the warden,was responsible for the cover up by refusing to notify the F.B.I. for prosecution of a crime as required by B.O.P. program statement 3P5324.06 ¶¶ 12(2) and 13; and Nilsa Diaz may have given the order to the medical staff which resulted in the alleged sexual misconduct.

The plaintiff asserts that Correctional Corporations of America is authorized to exercise supervision and control over the prison and B.O.P. prisoners. The Sixth Circuit held in *Hays v.*

*Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). *See Hussein v. City of Perrysburg,* 535 F.Supp.2d 862, 873 (N.D. Ohio 2008)(liability of a defendant under § 1983 cannot be based solely on the right to control employees, or 'simple awareness of employees misconduct). The complaint fails to state a cause of action against Correctional Corporations of America.

"Sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." *Boddie v. Schnieder,* 105 F.3d 857, 860-61 (2d Cir. 1997). Severe or repetitive sexual abuse of an inmate by a prison official can be objectively, sufficiently serious enough to constitute an Eighth Amendment violation. *Id.* at 861; *Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2005). It is "simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer, v. Brennan*, 511 U.S. 825, 834 (1994).

The plaintiff alleges that Hall's sexual abuse occurred twice. Whether it can be considered serious is factual question. He has alleged sufficient facts to allow his case to continue at this time.

**Conclusion**

Accordingly, defendant Correctional Corporations of America is dismissed from this action pursuant to 28 U.S.C. § 1915(e), and the Court certifies that an appeal from its dismissal could not

be taken in good faith.[1]  As to the remaining defendants, Daniel Hall, Dana Orenic, Terry Groh, Mr. Barr, Nelson Aponte, Nilsa Diaz and R. Rushing, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon the remaining defendants.

IT IS SO ORDERED.


Date: October 14, 2009                         s/     James S. Gwin
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a) (3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

4