UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
GUSTAVO FERNANDO GARCIA,      :     CASE NO. 4:09-CV-1928
                                              :
      Plaintiff,                        :
                                              :
vs.                                           :     ORDER & OPINION
                                              :     [Resolving Doc. Nos. 32, 37]
CORRECTIONAL CORPORATION OF   :
AMERICA, ET AL,                               :
                                              :
      Defendants.                      :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Daniel Hall, Dana Orenic, Terry Groh, Mr. Barr, Nelson Aponte, Roddie Rushing, and Nilsa Diaz (collectively, "Defendants") move the Court for summary judgment in this case involving alleged constitutional violations by prison staff members against a federal prison inmate.[1] [Doc. 32.] Plaintiff Gustavo Fernando Garcia ("Garcia") opposes the motion. [Doc. 33.] The Defendants have replied. [Doc. 35.]

For the following reasons, the Court **GRANTS** the Defendants' motion.

### I. Background

Plaintiff Gustavo Fernando Garcia, an inmate at Northeast Ohio Correctional Center in

---

[1] While the Plaintiff brings this action under 42 U.S.C. § 1983, the actions is more appropriately brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), because the Defendants are employees at a privately-run federal prison, and thus are federal, not state actors. *See, e.g., Corr. Serv. Corp. v. Malesko*, 534 U.S. 61 (2001); *Carlson v. Green*, 446 U.S. 14 (1980).

Case No. 4:09-CV-1928
Gwin, J.

Youngstown, Ohio ("NEOCC"), brings this suit, *pro se*, against various prison staff members, alleging that they violated his Eighth Amendment rights.[2] Specifically, Garcia claims that Defendant Daniel Hall, a physician's assistant employed by NEOCC, violated his Eighth Amendment right to be free from cruel and unusual punishment by twice offering to perform a digital rectal exam without Garcia's requesting the exam. [Doc. 1 at 15.] Garcia alleges that the other Defendants violated his Eighth Amendment rights by "failing to take reasonable measures to guarantee [Garcia's] safety and integrity" and by showing "deliberate indifference to the substantial risk of harm" to Garcia's person by allegedly covering up Hall's acts. [*Id.*]

On September 30, 2008, Defendant Hall placed restrictions on Plaintiff Garcia's recreational and other activities due to Garcia's complaint of shoulder pain. [Doc. 32-1, Garcia Dep. at 15, 22.] On October 16, 2008, Garcia filed an informal resolution request pursuant to the NEOCC's grievance policy against Hall, alleging that Hall discriminated against him in imposing the restrictions. [Doc. 32-1, Garcia Dep. at 18; Doc. 32-1 at 17, 19 (Ex. 1).] On October 27, 2008, Garcia and Hall met to attempt to resolve the complaint.[3] [Doc. 32-1, Garcia Dep. at 22.] During this meeting, Hall offered to perform a digital rectal exam on Garcia. [*Id.* at 24; Doc. 32-3 at 31 (Hall Aff.).] Garcia refused, and signed a refusal of treatment form indicating that he did not want to receive the rectal exam. [Doc. 32-1, Garcia Dep. at 24, 27; Doc. 32-1 at 23 (Ex. 3); Doc. 32-3 at 31 (Hall Aff.).] Garcia alleges that Hall had previously offered to perform the rectal exam approximately six to eight months earlier, which Garcia also refused. [Doc. 32-1, Garcia Dep. at 27;

---

[2] While the first page of Garcia's Complaint also references the Fourteenth Amendment, his legal claims allege only violations of the Eighth Amendment. [*See* Doc. 1 at 15.]

[3] During this meeting, Hall removed the restrictions that were the subject of Garcia's informal resolution request. [Doc. 32-1 at 18 (Ex. 1).]

Case No. 4:09-CV-1928
Gwin, J.

Doc. 32-1 at 24 (Ex. 4).][4/] Garcia admits that on both occasions, after he refused, Defendant Hall did not actually perform the rectal exam. [Doc. 32-1, Garcia Dep. at 24-25, 27.]

On October 30, 2008, Garcia filed a formal grievance against Hall, alleging that Hall violated his rights by attempting to perform a rectal exam on Garcia and requiring him to sign a refusal of treatment form. [Doc. 32-1 at 20, 22 (Ex. 2.).] Garcia also complained that Hall had improperly altered his medical records. [*Id.*] On October 31, 2008, grievance officer Jillian Shane, denied Garcia's grievance because Garcia did not raise the issue of Hall's alleged misconduct in his informal resolution. [Doc. 32-1 at 21; Doc. 32-3 at 5 (Shane Aff. at 4).] However, Shane noted that she would forward Garcia's complaint of staff misconduct to SIS for review. [Doc. 32-1 at 21; Doc. 32-3, Shane Aff. at 4.]

Garcia then appealed his grievance to the Warden. [Doc. 32-1 at 21; Doc. 32-3, Shane Aff. at 4.] The reviewer, Eric Staiger, denied Garcia's appeal on November 28, 2008, stating:

> Be advised that after review of all claims it was shown that the IGO [grievance officer] forwarded your concerns of staff misconduct to the SIS Department for further review.
> No evidence is available nor was provided to support your further claims. The greater weight of the only evidence, the informal resolution, must be given to the Medical Department. Denied.

[Doc. 32-1 at 21.] Garcia appealed the warden's decision to the Regional Bureau of Prisons, and then to the Bureau of Prisons itself. [Doc. 32-1, Garcia Dep. at 9-10; Doc. 32-3, Shane Aff. at 5.]

On December 30, 2008, the Office of Internal Affairs ("OIA") of the Federal Bureau of Prisons ("BOP") referred Garcia's complaint to Defendant Special Investigatory Supervisor ("SIS")

---

[4/]The Defendants offer evidence that the earlier offer and refusal of the exam occurred almost two years earlier, on December 28, 2006. [Doc. 32-1 at 24.] This factual discrepancy is not material to the outcome of the Defendants' motion.

Case No. 4:09-CV-1928
Gwin, J.

Nelson Aponte to conduct an investigation. [Doc. 32-3 at 5.] As part of his investigation, Aponte interviewed Plaintiff Garcia; Defendant Dana Orenic, Hospital Administrator; and Defendant Hall. Aponte sent a report of his investigation to Defendant NEOCC Warden Roddie Rushing on April 15, 2009. [*Id.* at 7.] In his report, Aponte says that Orenic told him that inmates are routinely offered rectal exams as part of a physical exam to clear them for food services work. [*Id.* at 8.] Aponte's report further says that Hall told him that he never performed the exam on Garcia because Garcia refused the exam. [*Id.* at 9.] Aponte concluded that Garcia's complaint of sexual assault against Hall was without merit. [*Id.*] Aponte forwarded the investigation report to the OIA on April 20, 2009. [*Id.* at 4.] The OIA concurred in Aponte's findings, concluded that Garcia's allegations against Hall were unfounded, and closed the case on April 27, 2009. [*Id.* at 3.]

Garcia filed his Complaint in this Court on August 17, 2009. [Doc. 1.] In his Complaint, Garcia alleges that Hall violated his Eighth Amendment rights by "willfully and knowingly perpetrat[ing] the crime of Sexual Misconduct" by offering to conduct the digital rectal exams. [*Id.* at 6.] He further alleges that Defendants Orenic; Aponte; Rushing; Terry Groh, Chief of Investigation at NEOCC; Mr. Barr, Medical Officer at NEOCC; and Nilsa Diaz, NEOCC Kitchen Administrator; violated his Eighth Amendment rights by "willfully cover[ing] up" Hall's actions and by permitting Hall to continue to work in the prison.[5/] [*Id.*] Garcia seeks monetary damages, as well as declaratory and injunctive relief. [*Id.* at 1, 17.]

On April 5, 2010 the Defendants filed a motion for summary judgment, asking the Court to dismiss all of Garcia's claims against them. [Doc. 32.] On April 14, 2010, Garcia filed a brief in

---

[5/]Garcia also sued Correctional Corporations of America ("CCA"). The Court dismissed CCA as a Defendant on October 14, 2009 because Garcia's Complaint failed to state a claim against CCA. [Doc. 3.] *See Corr. Serv. Corp. v. Malesko*, 534 U.S. 61 (2001).

-4-

Case No. 4:09-CV-1928
Gwin, J.

opposition to the Defendants' motion. [Doc. 33.] The Defendants replied on April 23, 2010. [Doc. 35.] For the following reasons, the Court **GRANTS** the Defendants' motion.

## II. Legal Standard

Summary judgment is appropriate where the evidence submitted shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "A fact is material if its resolution will affect the outcome of the lawsuit." *Martingale, LLC v. City of Louisville*, 361 F.3d 297, 301 (6th Cir. 2004) (citing *Daughenbaugh v. City of Tiffin,* 150 F.3d 594, 597 (6th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986))).

The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials negating the opponent's claim." *Id.*

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *See id.* at 586. Nor can the nonmoving party rely upon the mere allegations or denials of its pleadings. Fed. R. Civ. P. 56(e).

Case No. 4:09-CV-1928
Gwin, J.

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *Thomas v. Cohen,* 453 F.3d 657, 660 (6th Cir. 2004) (citations omitted). "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288-89 (1968)). Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Martingale,* 361 F.3d at 301 (citing *Terry Barr Sales Agency, Inc. v. All-Lock Co., Inc.,* 96 F.3d 174, 178 (6th Cir. 1996)) (internal quotations omitted).

### III. Analysis

In their motion for summary judgment, the Defendants argue that they are entitled to judgment as a matter of law as to Plaintiff Garcia's claim that the Defendants violated his Eighth Amendment rights. [Doc. 32.] The Defendants argue that they are entitled to summary judgment because: (1) Garcia did not exhaust all available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); (2) Garcia did not sustain any physical injury as required by 42 U.S.C. § 1997e(e); and (3) Garcia fails to make out a cognizable Eighth Amendment claim under *Bivens v. Six Unknown Agents,* 403 U.S. 388 (1971).[6] The Court addresses each of these arguments.

---

[6] The Defendants further argue that any claims arising out of the first alleged instance of sexual abuse are time-barred as that incident occurred outside the two-year statute of limitations. [Doc. 32 at 10.] The Court does not reach this issue.

Case No. 4:09-CV-1928
Gwin, J.

*A. Exhaustion of Administrative Remedies*

The Prison Litigation Reform of 1995 ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Defendants argue that Garcia failed to follow NEOCC grievance policies because Garcia did not file an informal resolution request regarding Hall's alleged sexual misconduct, but instead first reported the alleged misconduct in a formal grievance. [Doc. 32 at 6-10; Doc. 32-3, Shane Aff. at 2-5.] The Defendants argue that they are therefore entitled to summary judgment because Garcia has failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

However, the Sixth Circuit recently held that when prison officials "opt to consider otherwise-defaulted claim on the merits, so as a general rule will we." *Reed-Bey v. Pramstaller, -- F.3d --, 2010 WL 1687753, at \*2 (6th Cir. April 28, 2010)*. In this case, the grievance officer initially denied Garcia's formal grievance because he failed to file an informal resolution. However, she noted that she forwarded Garcia's complaint of misconduct to SIS. Garcia's next appeal was denied because the grievance officer "forwarded [Garcia's] concerns of staff misconduct to the SIS Department for further review." [Doc. 32-1 at 21.] As described above, SIS Aponte conducted an internal investigation, and concluded that Garcia's claim was unfounded. The Bureau of Prisons agreed, and dismissed Garcia's complaint. Thus, the prison officials ultimately considered Garcia's claims on the merits. Accordingly, pursuant to *Reed-Bey*, so will this Court.

*B. Physical Injury Requirement*

The PLRA further provides that "[n]o Federal civil action may be brought by a prisoner

Case No. 4:09-CV-1928
Gwin, J.

confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In several unpublished opinions, the Sixth Circuit has held that while the physical injury required to satisfy Section 1997e(e) need not be significant, it must be more than *de minimus* for an Eighth Amendment claim to go forward. *See Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005)(citing *Adams v. Rockefellow*, 55 F. App'x 584, 586 (6th Cir.2003); *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir.2002); *Styles v. McGinnis*, 28 F. App'x 362, 364 (6th Cir.2001); *Benson v. Carlton*, 229 F.3d 1150 (Table), 2000 WL 1175609, at * 1 (6th Cir. Aug. 9, 2000)).

In this case, Garcia claims that Hall's actions have caused him "humiliation and risk to [his] safety and integrity." [Doc. 1 at 11.] These allegations are best understood as claims for mental or emotional injury. *See, e.g., Tribe v. Snipes*, 19 F. App'x 325, 326 (6th Cir. 2001)(claim for stress due to fear of attack is claim for mental or emotional damages). However, Garcia admits that Hall never performed the refused rectal exam on him. [Doc. 32-1, Garcia Dep. at 24-27.] When asked during his deposition if Hall ever injured him, Garcia responded: "I didn't let him get close to me. I didn't let him touch me." [*Id.* at 27.] The undisputed evidence before the Court establishes that Garcia did not suffer any physical injury as a result of Hall's offers to perform a rectal exam. Therefore, Garcia's claims for emotional damages are barred by the PLRA. 42 U.S.C. § 1997e(e).

However, the Sixth Circuit has suggested that Section 1997e(e) may apply only to claims for money damages and not to injunctive or declaratory relief. *See Jarriett*, 162 F. App'x at 400 (42 U.S.C. § 1997e(e) applies to Eighth Amendment claims for emotional or mental damages); *id.* at n. 5 (Because Petitioner conceded that claims for injunctive relief were moot, "[w]e thus need not decide whether 42 U.S.C. § 1997e(e) applies to claims seeking injunctive relief."); *see also Tribe*

-8-

Case No. 4:09-CV-1928
Gwin, J.

*v. Snipes*, 19 F. App'x 325, 326 (6th Cir. 2001)("Upon review, we agree with the district court that 42 U.S.C. § 1997e(e) bars Tribe's claim for monetary relief."); *Williams v. Ollis*, 230 F.3d 1361 (Table), 20000 WL 1434459, at *2 (6th Cir. Sept. 18, 2000)("[T]he district court correctly concluded that most of plaintiff's claims for money damages are precluded under 42 U.S.C. § 1997e(e)"). Because Garcia's Complaint contains claims for injunctive and declaratory relief in addition to his claim for damages, the Court will consider Garcia's constitutional claim on the merits.

*C. Garcia's Eighth Amendment Claims*

The Defendants argue that they are entitled to summary judgment because Plaintiff Garcia does not have a cognizable Eighth Amendment claim. The Court agrees.

"In its prohibition of 'cruel and unusual punishments,' the Eight Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (citing *Hudson v. McMillian*, 503 U.S. 1 (1992). "The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Id.* (internal citations omitted).

The Supreme Court has held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our

Case No. 4:09-CV-1928
Gwin, J.

cases be condemned as the infliction of punishment." *Id.* at 838.

Garcia alleges that Defendant Hall's acts have caused him "humiliation and risk to [his] safety and integrity" in violation of Garcia's "rights to be free from cruel and unusual punishment as mandate [sic] by the Eight [sic] Amendment." [Doc. 1 at 11, 15.] He alleges that the other Defendants have failed "to take reasonable measures to guarantee [his] safety and integrity [in violation of his] rights under the Eight [sic] Amendment for deliberate indifference to the substantial risk of serious harm against [his] person." [*Id.* at 15.]

First, Garcia cannot make out an excessive force claim against Hall because, as described above, Garcia admitted that Hall did not use any physical force against him and did not cause Garcia even a *de minimus* physical injury. *Cf. McMillian*, 503 U.S. at 9-10("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force. . . ."); *see also Farmer*, 511 U.S. at 835 (in excessive force case, "claimant must show that officials applied force maliciously and sadistically for the very purpose of causing harm")(internal citations omitted).

Garcia also does not have a cognizable Eighth Amendment Claim for deliberate indifference against any of the Defendants. Courts have held that "deliberate indifference" has both an objective and a subjective component. *Farmer*, 511 U.S. at 834 (1994). The objective component requires a prisoner to show the existence of a substantial risk of serious harm. *Id.* The subjective component requires an inmate to demonstrate that prison officials have "a sufficiently culpable state of mind, . . . one of deliberate indifference to inmate health or safety." *Id.* "Implicit in this standard is the recognition that the plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendant's acts or omissions before he can make any claim with an arguable

-10-

Case No. 4:09-CV-1928
Gwin, J.

basis in Eighth Amendment jurisprudence." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998). Garcia fails to do so in this case.

As described above, Garcia does not argue that any of the Defendants injured him physically. The Sixth Circuit has held that monetary damages are not available for non-physical injuries in deliberate indifference cases. *Wilson*, 148 F.3d at 601 ("However legitimate the plaintiff's fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment. A claim of psychological injury does not reflect the deprivation of the minimal civilized measure of life's necessities, that is the touchstone of a conditions of confinement case. Simply put, the plaintiff alleges, not a failure to prevent harm, but a failure to prevent exposure to risk of harm. This does not entitle the plaintiff to monetary compensation.")(quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)(internal citations and alterations omitted).

Garcia fails to make out either the objective or subjective components of a deliberate indifference claim. First, Garcia cannot show a "substantial risk of serious harm," because, as described above, Hall caused Garcia no physical injury. Moreover, each time that Hall offered the exam, Garcia refused, and Hall did not even touch Garcia. Accordingly, Garcia fails to show a substantial risk of serious harm. Moreover, Garcia cannot satisfy the subjective component because he does not demonstrate that the Defendants were aware that there was a substantial risk of serious harm and that they disregarded this risk. To the contrary, once Garcia complained of misconduct by Hall, the prison officials conducted an internal investigation, and reported the results to the BOP. The internal investigation also concluded that Hall did not injure Garcia. Accordingly, the evidence before the Court shows that there was no substantial risk of harm to Garcia, and that the Defendants

Case No. 4:09-CV-1928
Gwin, J.

did not act with reckless disregard for any risk to Garcia. *See Farmer*, 511 U.S. at 836. Finally, Plaintiff Garcia is not entitled to injunctive relief. While courts may order injunctive relief when necessary to remedy prison conditions fostering unconstitutional threats of harm to inmates, *see Wilson*, 148 F.3d at 601, Garcia's Complaint cannot be read to allege a threat of future harm. On each occasion that Hall previously offered to perform a rectal exam on Garcia, Garcia refused and Hall did not perform the exam. As described above, this conduct did not cause an injury to Garcia that rises to the level of an Eighth Amendment violation. There is no evidence before the Court to suggest that Hall might cause future physical injury to the Plaintiff. Accordingly, Garcia is not entitled to injunctive relief.

Because Plaintiff Garcia fails to show that Defendant Hall caused him any actual harm, that any of the Defendants acted with deliberate indifference to his health and safety, or that any of the Defendants are engaging in an ongoing constitutional violation, the Court grants summary judgment to the Defendants with respect to all of Garcia's Eighth Amendment Claims.

### III. Conclusion

For the above reasons, the Court **GRANTS** the Defendants' motion for summary judgment. [Doc. 32.] Accordingly, the Court **DENIES AS MOOT** the Plaintiff's motion to appoint counsel to represent him at trial. [Doc. 37.]

IT IS SO ORDERED.

Dated: June 2, 2010          s/ *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE